UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


FILED
APR 17 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

ERIC ANTHONY GRIMES, )
)
Plaintiff, )
)
v. ) Civil Action No.: 1:19-cv-00638 (UNA)
)
CARRINGTON MORTGAGE )
SERVICE, LLC, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The Court will grant the IFP application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff, Eric Anthony Grimes,[1] a resident of Ohio, sues (1) Carrington Mortgage Service, LLC (located in California), Lucas County Court of Common Pleas (located in Ohio), and the "United States/Internal Revenue Service. Plaintiff has invoked 42 U.S.C. §§ 1983, 1985, and a variety of other federal statutes. While plaintiff cites a litany of federal law, he fails to identify any supporting facts to state a claim and the actual causes of action, if any, are completely undefined. He merely alleges that he is entitled to "equity for compensation, settlement[,] and closure with an

---

[1] Plaintiff seemingly attempts to bring suit on behalf of another individual, Lois Ford. As a general rule, a *pro se* litigant can represent only himself or herself in federal court. *See* 28 U.S.C. § 1654; *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984). Plaintiff appears, in all respects, to be proceeding *pro se*, and though he references a similarly named "Eric Anthony Hogan" in the attorney section of his civil cover sheet, plaintiff provides no other identifying information, no bar number, and no attorney has entered an appearance to date. Therefore, Ms. Ford is not properly named as a plaintiff in this matter, and she has also failed to supply an IFP application or to pay the filing fee.

amount in controversy that exceeds $75,000." He states broadly that defendants have engaged in some undefined conspiracy to violate his property rights. Plaintiff has failed to establish subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff has failed to establish diversity jurisdiction because he, and one of the named defendants, are citizens of Ohio. *See* 28 U.S.C. § 1332. Plaintiff has also failed to raise any federal question. *See* 28 U.S.C. § 1331. In fact, it is unclear what actual damages, if any, plaintiff alleges he has suffered. Instead of providing notice of a claim pursuant to Rules 8 and 10 of the Federal Rules of Civil Procedure and D.C. Local Civil Rule 5.1, he provides a list of other cases filed in Ohio, with no contextual information, and over which this Court likely has no jurisdiction. He also provides a list of questions which constitute non-sequiturs, and if they are intended to be directed to this Court, it has obligation to answer them, as pled.

The complaint fails to set forth allegations with respect to this Court's jurisdiction over the plaintiff's entitlement to relief or a valid basis for an award of damages. Therefore, this case will be dismissed for want of subject matter jurisdiction. A separate Order accompanies this Memorandum Opinion.

Date: April 16, 2019

United States District Judge

2